UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FELIX DARRELL DIXON, JR.,

          Plaintiff,

v.                                           Case No. 23-cv-85-pp

DR. ERIC LEE,

          Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 15)**

---

Plaintiff Felix Darrell Dixon, Jr., who is representing himself, is proceeding on an Eighth Amendment claim under 42 U.S.C. §1983. On September 25, 2023, the court received from the plaintiff a motion asking the court to recruit counsel to represent him. Dkt. No. 15. The plaintiff says that he has "no clue how to proceed with this lawsuit," does not "know what documents to file" or how to file them and cannot contact institutional staff who he says witnessed the alleged events. Id. at 1. He says that another incarcerated person helped him file the notice of claim and the complaint, but that he has lost contact with that person. Id. He says he does not understand the medical terms used in the defendant's answer, but he does "remember exactly what happened on the day in question." Id. The plaintiff says he has contacted over a dozen attorneys asking them to represent him, but all have either declined or not responded. Id. He attached response letters he received from four of the firms that he contacted. Dkt. No. 15-1. The plaintiff says he

has no money to hire an attorney on his own, and the issues of his case "are too complex for [him] to understand." Dkt. No. 15 at 1–2.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery,

and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first Pruitt inquiry. He says he contacted over a dozen attorneys or firms and sought their help, and he attached responses from four firms that declined to take his case. None of these firms commented on the merits of the plaintiff's case, but two informed him about the statute of limitations. Dkt. No. 15-1 at 1, 3. The plaintiff did not include copies of the letters that he sent to the firms asking them to represent him, so the court cannot determine how well he explained his claims or his need for an attorney. The court nonetheless finds that the plaintiff's efforts show that he attempted to obtain a lawyer on his own before asking for the court's assistance.

But the plaintiff has not satisfied the second Pruitt inquiry. The plaintiff says he cannot afford an attorney and does not feel capable of litigating this lawsuit on his own. Those difficulties are unfortunately common for incarcerated persons, and the court is aware of the difficulty incarcerated persons face litigating cases on their own. But as the court noted above, the Constitution does not entitle the plaintiff to an attorney to represent him in

4

this civil case, and there are not enough attorneys willing and able to represent plaintiffs who cannot pay their fees. That the plaintiff is on his own in a state facility with scarce resources is, unfortunately, a situation that the court sees very often; these issues are not a sufficient to justify the court recruiting counsel at this stage.

Nor has the plaintiff demonstrated that he is one of those self-represented persons most in need of an attorney to litigate his case effectively. This case is still at an early stage. But the plaintiff complied with court orders to pay the initial partial filing fee, file the necessary paperwork before screening and file this motion requesting counsel and provided the court the relevant documents to support his motion. He says another incarcerated person helped him with those filings, and that he is no longer in touch with that person. But the plaintiff also sent the court a letter dated October 3, 2023 (after he filed this motion), in which he says that that on August 30, 2023, he sent interrogatories to defense counsel but had not received any response. Dkt. No. 16. This contradicts the plaintiff's claim that he "has no clue how to proceed," does not know what documents to file or how to file them. Dkt. No. 15 at 1. He appears to know that discovery is the next step in the litigation and how to proceed with discovery, and he has started that process by sending interrogatories to the defendant.[1]

---

[1] The court notes that parties have *sixty* days to respond to discovery, which likely is why the plaintiff had not yet received responses to his August 30, 2023 interrogatories by October 3, 2023. See Dkt. No. 14 at 1, n.1. The court advises the plaintiff to *carefully* read its orders to avoid premature requests or motions.

The court will be flexible in giving the plaintiff any reasonable additional time he requests to litigate this lawsuit. As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if additional time does not resolve the problem, it may be appropriate for the court to recruit counsel to represent the plaintiff. But at this stage of the case, the court finds that the plaintiff has not demonstrated that he requires the assistance of counsel to litigate it.

The court will deny the plaintiff's motion to appoint counsel without prejudice. That means that he may renew his request for assistance later in this case, if necessary.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 9th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**