UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FELIX DARRELL DIXON, JR.,

        Plaintiff,

v.                                          Case No. 23-cv-85-pp

DR. ERIC LEE,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 27) AND EXTENDING PLAINTIFF'S DEADLINE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On February 20, 2024, the court ordered that by March 18, 2024, the plaintiff must respond to the defendant's motion for summary judgment or the court would treat the motion as unopposed and decide it without input from the plaintiff. Dkt. No. 14. At the March 18, 2024 deadline, the court received from the plaintiff a letter requesting an extension of the deadline and asking at what point he could "refile for appointment of counsel." Dkt. No. 25. The court granted the request and extended the plaintiff's deadline to April 19, 2024. Dkt. No. 26. The court explained that if the plaintiff "wishe[d] to again request that the court appoint him counsel . . . he must be able to 'demonstrate that he is one of those self-represented persons most in need of an attorney to litigate his case effectively.'" Id. (quoting Dkt. No. 18 at 5).

The April 19, 2024 deadline has passed, and the plaintiff has neither responded to the defendant's motion nor requested additional time to file his

response. Instead, the plaintiff has filed a motion asking the court to appoint him counsel—his second such motion. Dkt. No. 27; see Dkt. No. 15. The plaintiff says he has continued to contact attorneys in Wisconsin, Minnesota and Michigan but has been unable to find one who will represent him. Dkt. No. 27. He says he cannot afford to hire an attorney on his own and is "unable to litigate this case" without one. Id. The plaintiff says that he "can't even respond to the defenses [*sic*] request for summary judgement because [he] do[esn't] understand the language" and does not know "what a summary judgement is." Id. The plaintiff reiterates that he is "not capable of continuing this lawsuit without legal representation" and says he is "not sure how to proceed." Id. The plaintiff attached the same four letters from attorneys or firms who declined to take his case that he attached to his first motion for counsel. Dkt. No. 27-1.

As the court previously explained, it has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). Although "'[a]lmost everyone would benefit from having a lawyer . . . there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does

the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491.

For the same reasons explained in the previous order, the court finds that the plaintiff has satisfied the first Pruitt inquiry. See Dkt. No. 18 at 4. But the plaintiff still has not satisfied the second Pruitt inquiry. The plaintiff reiterates most of the same reasons provided in his first motion why he needs counsel's assistance. But as the court previously explained, the plaintiff's difficulties litigating his case on his own "are unfortunately common for incarcerated persons," and there simply "are not enough attorneys willing and

able to represent plaintiffs who cannot pay their fees." Id. at 4–5. The plaintiff provides no new information demonstrating "that he is one of those self-represented persons most in need of an attorney to litigate his case effectively," as the court twice previously told him he must before the court will attempt to recruit him an attorney. Id. at 5; Dkt. No. 26.

The court previously explained the summary judgment procedures and sent the plaintiff copies of the rules he must follow when responding to the defendant's motion. Dkt. Nos. 14, 24. For example, the court explained that the plaintiff "must respond to each of the defendant's proposed findings of fact . . . either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact." Dkt. No. 24 at 1. The court instructed the plaintiff to "support every disagreement with a proposed fact by citing to evidence." Id. The court understands that the plaintiff may be unsure about speaking with institution staff to collect evidence to support his disagreements. But the plaintiff previously told the court that he remembers the details of the events underlying this lawsuit and "exactly what happened on the day in question." Dkt. No. 18 at 1 (quoting Dkt. No. 15 at 1). As the court previously instructed the plaintiff, he can tell the court "his version of what happened in an affidavit or an unsworn declaration." Dkt. No. 24 at 1–2. That affidavit or declaration would be evidence that the plaintiff could point to in support of his disagreements with the defendant's proposed facts. As the court previously instructed, the plaintiff should respond to the defendant's proposed facts by saying whether he agrees or disagrees with those facts based on his memory of

the events, and he should identify the paragraphs in his affidavit or declaration that correspond to any fact he disagrees with. The court also sent the plaintiff a guide to assist him in litigating this case. Dkt. No. 8 at 11. The plaintiff may look at page 11 of that guide for a detailed definition of "Summary Judgment," and he may look at pages 17 through 19 for further information about responding to the defendant's motion. The court will enclose another copy of the guide with this order in case the plaintiff has lost the first copy.

The court will give the plaintiff **a final extension of his deadline** to respond to the defendant's motion for summary judgment. The plaintiff must file his response and all related materials (including his affidavit or declaration, if he chooses to submit one) by the end of the day on **May 31, 2024**. The plaintiff must file his response materials so that the court *receives them* by the end of the day on May 31, 2024. If the court has not received the plaintiff's response materials, or a written explanation why he cannot provide a response, by that deadline, the court will consider the defendant's motion to be unopposed and will decide it without the plaintiff's input. As the court previously explained, that means the court likely will grant the defendant's motion and dismiss the case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's second motion to appoint counsel. Dkt. No. 27.

The court **ORDERS** that the time for the plaintiff to file his response to the defendant's motion for summary judgment is **EXTENDED** until the end of the day on **May 31, 2024**. If the court has not received the plaintiff's response

5

materials, or a written explanation why he cannot provide a response by that deadline, the court will consider the defendant's motion to be unopposed and will decide it without the plaintiff's input.

The court will include with this order a second copy of the guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 25th day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**